11233. CENTRAL OF GEORGIA RAILWAY CO. *v.* MILLER & LIPSCHITZ.

LUKE, J. Considering the petition for certiorari, and the answer of the
trial judge thereto, for no reason assigned was it error for the judge
of the superior court to overrule the certiorari.

> Judgment affirmed. *Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JANUARY 27, 1921.

Certiorari; from Fulton superior court — Judge Pendleton.
October 30, 1919.

Without presentation of the bill of lading or payment of the
draft attached to it, Miller & Lipschitz, by depositing with the
railway company's agent at Atlanta the amount of the draft and
the additional sum of $30, and signing an agreement to indemnify
the company against loss, obtained from the agent two carloads of
scrap iron which had been shipped to Atlanta from Savannah over
the line of the Central of Georgia Railway Company, upon a bill
of lading issued by it, to the consignor's order, with direction to
notify Miller & Lipschitz, a draft upon them being attached to
the bill of lading and sent through a bank for collection. Miller
& Lipschitz had previously refused to pay the draft (for a reason
not disclosed by the record) and it had been returned to the con-
signor, but, according to testimony of the carrier's agent who de-
livered the iron to them, he did not know this, and they repre-
sented to him that the bill of lading and the draft were delayed
in the mail, and exhibited to him a letter from the shipper, stat-
ing the amount of the draft and that " the balance of the amount
would be paid when the shipper was in Atlanta, and he was as-
sured that the amount of the deposit would be enough to cover the
value of the shipment." This delivery of the iron was made on
the 20th of June; the 15th was the date of the refusal to pay the
draft and its protest for non-payment. The consignor presented
it to the railway company in Savannah on the 20th, and requested
that a new bill of lading be issued to K. Koplin, Atlanta, Ga.,
and this was done, the original bill of lading being then surren-
dered and cancelled. This occurred before the Atlanta agent of
the carrier " could get his report to Savannah showing that he
had made delivery on an indemnity agreement. " The consignor,
after finding that the cars could not be delivered to Koplin, to
whom the consignor had sold them, made a demand upon the rail-

way company for payment for the iron, and the company made a settlement with the consignor by payment of a sum which was $54.32 more than the sum deposited by Miller & Lipschitz with the company. Payment of this sum of $54.32 was demanded of Miller & Lipschitz by the railroad company, and was refused, and the company sued them in the municipal court of Atlanta for this amount, alleging that it had been compelled to pay the same to the consignor and that under the agreement of indemnity the defendants were liable for the sum so paid, the agreement being that they should hold the company "harmless from loss or damages of any nature whatsoever, by reason of the delivery of the above-described property upon a deposit in lieu of the only endorsed bill of lading." The defendants in their answer denied liability and set up a counterclaim of $30, the amount by which their deposit with the railway company exceeded the amount of the draft.

On the trial of the case the foregoing facts appeared from the evidence introduced by the plaintiff; and at the conclusion of the plaintiff's evidence the court, on oral motion of the defendants, "dismissed the plaintiff's claim" and rendered judgment against the plaintiff for the amount of the defendants' counterclaim of $30. The plaintiff sued out certiorari, the certiorari was overruled, and the plaintiff excepted. The grounds of the petition for certiorari are:

1. The court "erred in dismissing the plaintiff's claim and also in entering up judgment for the defendant as aforesaid."

2. The court erred in refusing to strike the defendants' answer because it was not verified. The judge's answer to the certiorari states that when the motion to strike the defendants' answer was made, counsel for the plaintiff produced a copy of the suit served, and stated that the copy was not verified; after which the motion was not insisted upon, and the court, being of the opinion that the point was not further insisted upon, made no definite ruling on the motion.

3. The court erred in ruling out testimony of Russell regarding the market value of the iron at the time of delivery to Miller & Lipschitz. Russell was the plaintiff's agent at Atlanta and. he testified that the plaintiff settled with the consignor "on the basis of $18 a ton." He further testified: "I do not know of my own knowledge what the value was. I inquired around among

different iron dealers of this town as to the market value on this date, and I was informed that it was $18 a ton." The court, on motion of the defendants, ruled out the testimony as to the market value of the iron, on the ground that the market value could not be proved in this manner. (Other testimony for the plaintiff, which was uncontradicted, as to market value, was admitted, the consignor testifying that the sum paid him by the plaintiff in settlement for the iron was "much less than the value of the iron;" that the market price was more than that.)

4. The court erred in entering up judgment for the defendants when no evidence was introduced to show that the defendants were entitled to recover on their counterclaim. The judge's answer to the certiorari states that before the judgment was rendered the plaintiff's counsel stated in open court that if the plaintiff was not entitled to recover, the defendants should recover $30 and costs; that there was no controversy as to the correctness of this amount if the plaintiff's contention was not correct.

*Little, Powell, Smith & Goldstein,* for plaintiff.
*Rosser, Slaton, Phillips & Hopkins,* for defendants.